Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6994 | **DATE** | 3/26/2012 |
| **CASE TITLE** | Arens Control Company, L.L.C. vs. Enova Systems, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's Motion for Summary Judgment [58] is denied. Arens Controls Company, L.L.C.'s Motion for Summary Judgment as to Counts IV and VIII of its Verified Complaint [61] and Defendant's Motion to Strike Evidence Plaintiff Presented in Connection with its Motion for Summary Judgment [67] [70] [74] remain under advisement.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Defendant Enova Systems, Inc.'s ("Enova") motion for summary judgment. For the following reasons, the motion is denied.

The following facts are undisputed. Plaintiff Arens Controls Company, L.L.C. ("Arens") develops precision operator interface control systems as well as power management products for commercial vehicles. Enova develops clean technologies for commercial vehicles. In 2007, Smith Electric Vehicles ("Smith"), a manufacturer of electric and hybrid-drive commercial vehicles, placed an order with Enova to purchase 1,000 units of Enova-designed power inverters. Enova subcontracted the manufacture of some of its power inverters to Arens. In the spring of 2008, Smith reduced its order from Enova. In turn, Enova instructed Arens to cease producing additional power inverters. Arens did not produce all of the power inverters that Enova had ordered. Enova has paid Arens for all the power inverters that Arens produced and delivered to it. Arens now seeks damages for anticipatory breach of contract and, in the alternative, promissory estoppel.

Enova argues that it is entitled to summary judgment because Arens cannot recover damages for anticipatory breach of contract as a matter of law. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Egan Marine Corp. v. Great Am. Ins. Co. of N.Y., 665 F.3d 800, 811 (7th Cir. 2011). "[T]here can be no genuine issue as to any material fact where a party who bears the burden of proof fails to establish an essential element in its case." LAK, Inc. v. Deer Creek Enters., 976 F.2d 328, 331 (7th Cir. 1992) (internal quotation marks and citation omitted) (alteration in original). The Court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. Egan Marine Corp., 665 F.3d at 811 (citing Egan v. Freedom Bank, 659 F.3d 639, 640-41 (7th Cir. 2011)).

Because this case involves the sale of goods between merchants, the Uniform Commercial Code applies, which has been adopted and codified by Illinois as 810 ILCS 5/2-101 *et seq.* Damages for anticipatory breach of contract include (1) "the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages . . . but less expenses saved in consequence of the

| STATEMENT |
|---|

buyer's breach" or, if this measure of damages is "inadequate to put the seller in as good a position as performance would have done" then (2) "the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages provided in this Article (Section 2-710), due allowance for costs reasonably incurred and due credit for payments or proceeds of resale." 810 ILCS 5/2-708. Here, Arens seeks recovery of lost profits under § 2-708(2).

Enova advances two arguments contending that Arens is not entitled to recover damages for lost profits because it cannot prove that the damages formula provided under § 2-708(1) is inadequate. First, Enova asserts that Arens should be precluded from seeking lost profits and from presenting evidence to establish such damages because, in its Federal Rule of Civil Procedure 26 disclosure, Arens did not: (1) disclose that it sought lost profits; (2) provide a calculation of its lost profits; or (3) provide evidentiary material on which a computation of lost profits could be based. This argument is "absurd." Malik v. Falcon Holdings, LLC, No. 11-2815, 2012 WL 833842, at *3 (7th Cir. Mar. 14, 2012) (rejecting the defendants argument that the plaintiffs' failure to quantify their damages before the close of discovery entitled them to "prevail outright"). In Malik, the Seventh Circuit stated, "[I]f defendants thought that plaintiffs had failed to perform their obligations under the rules, they should have asked the district judge for a sanction before discovery closed rather that waiting (as they did) until their motion for summary judgment. Fed. R. Civ. P. 37(c)(1) gives the judge discretion to match a remedy to the wrong. Defendants have not explained how the plaintiffs' delay injured them, so a remedy (if any rule was transgressed) would have been mild. . . . As defendants did not ask for any arguably appropriate sanction, however, they are in no position to complain that the district judge did not award one." Id.

Like the defendants in Malik, Enova did not ask for an appropriate sanction before discovery closed. However, Enova contends that because Arens did not disclose that it would seek lost profits, Enova did not conduct discovery on the matter. Enova claims it will be injured to the extent that it is deprived of the ability to discredit any evidence Arens has submitted to obtain lost profits. This argument is disingenuous because Enova had knowledge of Arens' intent to seek lost profits damages more than a year before discovery closed on May 16, 2011. For example, on March 15, 2010, Arens sent Enova an email (for settlement purposes), which stated, "Lost profit, program-related engineering and sales expenses as well as other losses incurred by Arens . . . are part of Arens claims." Arens' Resp. Ex. B. Although subject to Federal Rule of Evidence 408, this email is properly before the Court to establish Enova's knowledge. See, e.g., Bankcard Am., Inc. v. Universal Bancard Sys., Inc., 203 F.3d 477, 484 (7th Cir. 2000) ("Courts have admitted evidence of offers or agreements to compromise for purposes of rebuttal . . . to show the defendant's knowledge and intent . . . ." (citations omitted)). Thus, Enova is not entitled to judgment as a matter of law on this basis.

Second, Enova argues that Arens is not entitled to lost profits because Arens is not a lost-volume seller. But Arens need not be a lost-volume seller to recover damages for lost profits. To the contrary, "many courts have held that damages under UCC § 2-708(1) are inadequate for specially-manufactured goods that cannot be resold." In re S.N.A. Nut Co., 247 B.R. 7, 19-20 (Bankr. N.D. Ill. 2000) (citations omitted); see also Bliss & Laughlin Steel Co. v. TRW Koyo Steering Sys., Co., No. 91 C 4991, 1995 WL 134773, at *3 (N.D. Ill. Mar. 27, 1995) (noting "the lost profits formula would have worked 'like a charm'" for breach of contract of specially manufactured steel rack blanks). As Enova points out, Arens alleges that the power inverters Enova ordered were unique. Whether the power inverters are "specialty items" is generally a question of fact for the jury, "unless the evidence [is] so overwhelming that a reasonable jury [is] compelled to conclude that the goods [are] unique." Tigg Corp v. Dow Corning Corp., 962 F.2d 1119, 1130-31 (3d Cir. 1992). The Court, however, need not reach this issue. Because § 2-708(2) damages are not restricted to lost volume-sellers, Enova is not entitled to judgment as a matter of law. Accordingly, Enova's motion for summary judgment is denied.

IT IS SO ORDERED.