IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARENS CONTROLS COMPANY, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 CV 6994 |
| | ) | |
| v. | ) | Hon. Charles R. Norgle |
| | ) | |
| ENOVA SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Arens Control Company, L.L.C.'s ("Arens") motion for summary

judgment. For the following reasons, the motion is denied.

## I. BACKGROUND

### A.    Facts[1]

Arens develops precision operator interface control systems as well as power

management products for commercial vehicles. Enova Systems, Inc. ("Enova") supplies and

develops clean technologies such as digital power components and systems products, in

conjunction with engineering services. In 2007, Smith Electric Vehicles ("Smith"), a

manufacturer of electric and hybrid-drive commercial vehicles, placed an order with Enova to

purchase 1,000 units of Enova-designed power inverters. Enova subcontracted the manufacture

of some of its power inverters to Arens. From May 30 to October 24, 2007, Enova submitted a

series of purchase orders to Arens—one for services and five for the production of power

---

[1]The Court takes the undisputed facts from the parties' Local Rule 56.1 statements and notes
disputed facts within the text.

inverters, including P90 and P120 units. In the spring of 2008, Smith reduced its order from Enova. In turn, Enova instructed Arens to cease producing additional power inverters. Arens did not produce all of the power inverters that Enova had ordered. Enova has paid Arens for all of the power inverters that Arens produced and delivered to it. Arens seeks damages for anticipatory breach of contract and, in the alternative, promissory estoppel with respect to Purchase Orders 3192 and 3963.

Under Purchase Order 3192, Enova agreed to purchase 200 units of P120 for a total price of $2,204,800. Enova only purchased 20 of the 200 units. Thus, 180 units remain outstanding at a value of $1,984,320. Under Purchase Order 3963, Enova ordered 600 units of P90 for a total price of $4,260,000. Enova only purchased 217 units. Thus, 383 units remain outstanding at a value of $2,719,300. The gross amount attributable to the remaining units under Purchase Orders 3192 and 3963 is $4,703,620. According to Arens, this figure includes:

> the amounts Arens expended to purchase and fabricate the equipment and tooling needed to manufacture the Remaining Units it agreed to produce for Enova under the Purchase Orders; Arens' internal cost attributable to engineering drawings it needed to produce and did, in fact, produce internally in connection with the Remaining Units it agreed to produce for Enova under the Purchase Orders; and the profit component of the total purchase price in connection with its sale of the Remaining Units to Enova under the Purchase Orders.

Arens Controls Company, L.L.C.'s Statement of Uncontested Material Facts in Supp. of its Mot. for Summ. J. as to Counts IV & VIII of its Verified Compl. ¶ 31 [hereinafter Arens's Statement of Uncontested Material Facts]. Enova, however, disagrees, stating that Arens's equipment and tooling, inventory, and engineering drawings were not used exclusively to produce power inverters pursuant to Purchase Orders 3192 and 3963. Enova asserts that those items were used to produce power inverters pursuant to its other purchase orders, which were fully performed.

2

In quantifying damages, Arens states:

> Arens' contribution margin in connection with the Purchase Orders is 43.32%. Arens' "contribution margin" represents the profit component of the total purchase price under the Purchase Orders plus the amount of its own funds Arens' expended to purchase and fabricate manufacturing and test equipment and create engineering drawings necessary to produce the P90 and P120 units for Enova under the Purchase Orders. (The profit component of the contribution margin is 31.05% of the total purchase price under the Purchase Orders. The percentage of the total purchase price under the Purchase Orders attributable to the manufacturing and test equipment that Arens purchased and fabricated in order to produce the P90 and P120 units for Enova under the Purchase Orders is 8.27%. The percentage of the total purchase price under the Purchase Orders attributable to engineering drawings that Arens created in order to produce the P90 and P120 units for Enova under the Purchase Orders is 4.00%.) Therefore, the contribution margin component of the total purchase price in connection with Arens' sale of the Remaining Units to Enova under the Purchase Orders (which units Enova has failed to take and pay for) equals $2,037,608, or 43.32% of the $4,703,620 gross payment Arens was to receive from Enova for the Remaining Units in accordance with the terms of the Purchase Orders. Enova has not paid any of this contribution margin to Arens.

Arens's Statement of Uncontested Material Facts ¶ 32. Enova disputes this. Enova's response, among other things, challenges this information as "manifestly faulty and inadequately supported." Def.'s Resp. to Pl.'s Separate Statement of Material Facts in Supp. of Mot. for Summ. J. 20. Specifically, Enova points to Arens's failure to "show its work" or provide any documents or information to support its percentage calculations. Id. at 22.

## B.    Procedural History

On December 8, 2008, Arens filed an eight-count verified complaint against Enova. The parties reached a partial settlement agreement, dated January 5, 2011. On January 14, 2011, pursuant to Federal Rule of Civil Procedure 41(a)(1), the parties stipulated and agreed to dismiss Counts I, II, III, V, VI and VII with prejudice based upon the terms set forth in their partial settlement agreement. Count IV for anticipatory breach of contract and, in the alternative, Count

VIII for promissory estoppel, remain pending. Pursuant to the partial settlement agreement,

Enova has satisfied a portion of Arens's total damages, including a portion of the damages Arens

initially sought under Counts IV and VIII.[2] Arens now seeks the portion of its damages that

remain unsatisfied: its lost profits and the costs it reasonably incurred to create engineering

drawings and to purchase and fabricate the equipment and tooling needed to manufacture the

remaining units under Purchase Orders 3192 and 3963. On September 16, 2011, Enova moved

for summary judgment, arguing that Arens cannot recover damages for anticipatory breach of

contract as a matter of law. Enova's motion for summary judgment was denied. Arens's motion

for summary judgment is fully briefed and before the Court.

## II. DISCUSSION

### A.    Standard of Decision

Pursuant to Rule 56(a), "[t]he court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986); Egan Marine Corp. v. Great Am. Ins. Co. of N.Y., 665 F.3d 800, 811 (7th Cir. 2011).

The Court views the record and all reasonable inferences drawn therefrom in the light most

favorable to the nonmoving party. Egan Marine Corp., 665 F.3d at 811 (citing Egan v. Freedom

Bank, 659 F.3d 639, 640-41 (7th Cir. 2011)). The Court does not "judge the credibility of the

witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only

---

[2] The partial settlement agreement resolved the portion of damages Arens initially sought under Counts IV and VIII to the extent that it satisfied the amount Arens expended to purchase the inventory it needed to manufacture the remaining units under Purchase Orders 3192 and 3963.

question is whether there is a genuine issue of fact." Gonzalez v. City of Elgin, 578 F.3d 526, 529 (7th Cir. 2009) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Egonmwan v. Cook Cnty. Sheriff's Dep't, 602 F.3d 845, 849 (7th Cir. 2010) (internal quotation marks and citation omitted).

## B.     Anticipatory Breach of Contract

Enova does not dispute that it repudiated Purchase Orders 3192 and 3963. Rather, Enova opposes summary judgment on three grounds related solely to damages for anticipatory breach of contract. First, Enova argues that Arens fails to present admissible evidence of damages. Second, Enova asserts that even if Arens's damages evidence is admissible, it is nonetheless insufficient. Finally, Enova contends that there are material facts in dispute that preclude the Court from granting summary judgment in favor of Arens.

The parties agree that as a federal court sitting in diversity, "Illinois law controls the proper measure of damages." e360 Insight, LLC v. Spamhaus Project, 658 F.3d 637, 648 (7th Cir. 2011) (citations omitted). Because this case involves the sale of goods between merchants, the Uniform Commercial Code applies, which has been adopted and codified by Illinois as 810 ILCS 5/2-101 *et seq.* Damages for anticipatory breach of contract include: (1) "the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages . . . but less expenses saved in consequence of the buyer's breach" or, if this measure of damages is "inadequate to put the seller in as good a position as performance would have done" then (2) "the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental

5

damages provided in this Article (Section 2-710), due allowance for costs reasonably incurred

and due credit for payments or proceeds of resale." 810 ILCS 5/2-708. Here, Arens seeks

recovery of lost profits damages under § 2-708(2).[3]

"It is axiomatic that the burden rests upon a party seeking damages to establish not only

that it has sustained damages, but also to provide a reasonable basis for computation of those

damages." Midwest Software, Ltd. v. Willie Washer Mfg. Co., 630 N.E.2d 1088, 1105 (Ill. App.

Ct. 1994) (citing Fin. Am. Commercial Corp. v. Econo Coach, Inc., 454 N.E.2d 1127, 1131 (Ill.

App. Ct. 1983)) . Thus, to recover lost profits, a plaintiff need not prove the amount of loss with

absolute certainty. Tri-G, Inc. v. Burke, Bosselman & Weaver, 856 N.E. 2d 389, 407 (Ill. 2006).

But the amount of loss "cannot be based upon conjecture or sheer speculation." Id. (internal

quotation marks and citation omitted). A plaintiff must "approximate the claimed lost profits by

competent evidence." Id. "Such evidence must with a fair degree of probability tend to establish

a basis for the assessment of damages for lost profits." Id. (citing Barnett v. Caldwell Furniture

Co., 115 N.E. 389 (Ill. 1917)). For example, evidence of past profits in an established business

satisfies this requirement. Id.

Arens argues that it is entitled to summary judgment in the amount of $2,037,608, plus

pre-judgment and post-judgment interest. The amount of recoverable damages, however, is a

question of fact for the jury. Tri-G, Inc., 856 N.E. 2d at 409; see also e360 Insight, LLC v.

Spamhaus Project, No. 06 C 3958, 2010 WL 2403054, at *3 (N.D. Ill. 2010) ("[D]amages

awarded to a party must be determined by a trier of fact with reasonable certainty."), rev'd on

---

[3] In a separate Order, the Court rejected Enova's argument that Arens is not entitled to
seek lost profits damages as a matter of law. Minute Order, Mar. 26, 2012.

other grounds, 658 F.3d 637 (7th Cir. 2011). This fundamental principle is enough to deny Arens's motion outright. The Court notes, however, that Arens has failed to provide competent evidence to establish a reasonable basis for the computation of its lost profits damages. Arens's mere assertion that its profit component is 43.32% of the $4,703,620 gross payment it would have received under the terms of Purchase Orders 3192 and 3963, without establishing a foundation or including supporting data for this calculation, amounts to "conjecture or sheer speculation." Arens's attempt to cure the defects in its motion through its reply brief and putative additional statement of material facts is impermissible. See Blackhawk Molding Co., Inc. v. Portola Packaging, Inc., 422 F. Supp. 2d 948, 952 (N.D. Ill. 2006) ("Local Rule 56.1 does not contemplate a statement of additional facts from the movant. . . . [I]f the court were to permit a movant to file a statement of additional facts in response to a non-movant's statement [of] additional facts, it would be obliged to allow the non-movant to respond, creating a hall of mirrors that would hardly facilitate an efficient resolution of the issues." (citations omitted)). Accordingly, Arens's motion for summary judgment is denied. The Court need not reach the other issues raised by the parties.

## III. CONCLUSION

For the foregoing reasons, Arens's motion to for summary judgment is denied. The trial

date previously set by the Court stands.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: April 5, 2012