# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 6994 | DATE | 7/20/2012 |
| CASE TITLE | Arens Controls Company, L.L.C. vs. Enova Systems, Inc. | | |

**DOCKET ENTRY TEXT**

Motion for Clarification of the Court's April 5, 2012 Opinion and Order [96] is granted. The Court corrects its April 5, 2012 Opinion and Order to enter partial summary judgment in favor of Plaintiff Arens Controls Company, L.L.C., pursuant to Rule 56(g), on the issue of Defendant Enova Systems, Inc.'s liability for anticipatory breach of Purchase Orders 3192 and 3963. The issue of damages, however, remains for trial.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Arens Controls Company, L.L.C.'s ("Arens") pleading titled, "Motion for Clarification of the Court's April 5, 2012 Opinion and Order." For the following reasons, the motion is granted.

Although Arens fails to cite any Federal Rule of Civil Procedure in its motion, the Court construes the motion as brought pursuant to Rule 60(a). Under this Rule, the Court may correct "a mistake arising from oversight or omission," and "may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). In its April 5, 2012 Opinion and Order, the Court stated that Defendant Enova Systems, Inc. ("Enova") "does not dispute that it repudiated Purchase Orders 3192 and 3963. Rather, Enova opposes summary judgment on three grounds related solely to damages for anticipatory breach of contract." Arens Controls Co. v. Enova Sys., Inc., No. 08 C 6994, slip op. at 5 (N.D. Ill. Apr. 5, 2012). Enova's failure to challenge Arens's statement of uncontested facts is "treated as a binding admission of the truth of those facts." Tobey v. Extel/JWP, Inc., 985 F.2d 330, 333 (7th Cir. 1993). Further, Arens's submissions establish its entitlement to summary judgment as to liability for anticipatory breach of contract. Indeed, as the Court noted in its April 5, 2012 Opinion and Order, Enova makes no opposition to the issue of liability.

"In Illinois, anticipatory repudiation is actionable as a breach of contract when—and only when—the repudiating party unequivocally and without justification renounces its duty to perform the contract on its date of performance." Busse v. Paul Revere Life Ins. Co., 793 N.E.2d 779, 783 (Ill. App. Ct. 2003) (internal quotation marks and citations omitted). Here, there are two contracts at issue, Purchase Orders 3192 and 3963. Under Purchase Order 3192, Arens was to produce and Enova was to purchase 200 units of P120. Enova required the full 200 P120 units by January 4, 2008. Under Purchase Order 3963, Arens was to produce and Enova was to purchase 600 units of P90. Enova required the full 600 units by December 31, 2008. Both purchase orders were signed by authorized representatives of Enova. With respect to Purchase Order 3963, Enova added language to the order to include, "Blanket Purchsae [sic] Order. Enova requests delivery of 50 units at the beginning of each month for 12 months. Price includes purchasing of all materials,

assembly and test per Enova." Arens Controls Company, L.L.C.'s Statement of Uncontested Material Facts in Supp. of its Mot. for Summ. J. as to Counts IV & VIII of its Verified Compl. ¶ 25. In response to Arens's interrogatory, Enova stated that its understanding of the meaning "blanket purchase order" is:

> A "blanket purchase order" refers to a single purchase order that is set up one time and which allows for multiple releases against it at different times throughout a set time period, without having to reorder the same items each time. In this case, the "blanket purchase order" referenced on Purchase Order 3963 was the instruction from Enova to Arens to deliver 50 units at the beginning of each month on a recurring basis for 12 months, subject to instruction from Enova to stop shipment.

Id. ¶ 26. Purchase Order 3963, however, does not contain the language "subject to instruction from Enova to stop shipment," or any similar language. Id. ¶ 27.

Enova issued a cancellation notice, effective August 20, 2008, against any open purchase orders with Arens, which included Purchase Orders 3192 and 3963. The cancellation notice stated, *inter alia*, that "[a]ll remaining balances against these and any other order are officially canceled." Arens Contros Company, L.L.C.'s Mot. for Summ. J. as to Counts IV & VIII of its Verified Compl. Ex. 10. Thus, Arens has shown that the cancellation notice constitutes an unequivocal renunciation of Enova's duty to perform under the contracts. Arens has also shown that Enova's renunciation was without justification. The Purchase Orders do not contain any provisions that excuse Enova's performance if it issues a cancellation notice. Nor do the Purchase Orders contain any contingency provisions that excuse Enova's performance if it has no orders from its customer(s). Enova does not dispute that it repudiated Purchase Orders 3192 and 3963 in its opposition to summary judgment. Nor does Enova make any arguments as to justification.

There is no evidence that would permit a reasonable jury to return a verdict for Enova on the issue of liability for breach of anticipatory contract. Accordingly, the Court corrects the April 5, 2012 Opinion and Order to enter partial summary judgment in favor of Arens, pursuant to Rule 56(g), on the issue of Enova's liability for anticipatory breach of Purchase Orders 3192 and 3963. See Geneva Int'l Corp. v. Petrof, Spol, S.R.O., 608 F. Supp. 2d 993, 1004 (N.D. Ill. 2009). The issue of damages, however, remains for trial.

IT IS SO ORDERED.

FILED 2012 JUL 22 PM 1:09 U.S. DISTRICT COURT